UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
UNITED STATES OF AMERICA,

                - against -                    **MEMORANDUM & ORDER**
                                                                    17-CR-649 (MKB)

TEA KAGANOVICH,

                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Defendant Tea Kaganovich pleaded guilty on May 8, 2019, to healthcare fraud in violation of 18 U.S.C. § 1347 and conspiracy to defraud the United States by obstructing the lawful functions of the Internal Revenue Service, in violation of 18 U.S.C. § 371.[1] On December 1, 2022, the Court sentenced Kaganovich to thirty-six months of imprisonment on each count, to run concurrently, followed by two years of supervised release on each count, also to run concurrently. (Min. Entry dated Dec. 1, 2022; Judgment 2–3.) The Court also entered a forfeiture money judgment in the amount of seven million dollars. (Final Order of Forfeiture 1, Docket Entry No. 144-1.) Kaganovich is currently incarcerated at Federal Correctional Institution, Danbury, with an expected release date of November 16, 2025. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 17, 2024).

       On March 11, 2024, Kaganovich filed a *pro se* motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 821 ("Amendment 821") to the United States Sentencing Guidelines ("Guidelines") entitles her to a two-level reduction in her base offense

---

[1] (Criminal Cause for Pleading 1, Docket Entry No. 50 (reflecting plea of guilty to Counts One and Twelve of the Indictment); Indictment ¶¶ 44–45, 55–58, Docket Entry No. 1; *see also* Am. J. as to Tea Kaganovich ("Judgment") 1, Docket Entry No. 155.)

level. (Def.'s Mot. for Reduction of Sentence ("Def.'s Mot."), Docket Entry No. 168.) On April 5, 2024, the government opposed Kaganovich's motion to reduce her sentence. (Gov't's Resp. in Opp'n to Def.'s Mot. ("Gov't Opp'n"), Docket Entry No. 170.) For the reasons discussed below, the Court denies Kaganovich's motion for a reduction of her sentence.

## I. Discussion

### a. Kaganovich is eligible for a two-level reduction in base offense level but not to a reduction in her sentence

Kaganovich argues that under Part B of Amendment 821, she is entitled to a two-level reduction of her offense level because she received zero criminal history points at her original sentencing. (*See* Def.'s Mot. 1.) She argues that the Court must accordingly review whether it would have sentenced her to a lower term of imprisonment had Amendment 821 been in effect at the time of her sentencing.[2] (*Id.*)

The government does not dispute that Kaganovich is entitled to a two-level reduction of her base offense level, but argues instead that "her substantially below-Guidelines sentence makes her ineligible for the relief she seeks." (Gov't Opp'n 3.)

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," section 3582(c)(2) provides that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Reductions are therefore authorized only if they are consistent with the Sentencing

---

[2] Along with her motion to reduce her sentence, Kaganovich moves for appointment of counsel and to proceed *in forma pauperis*. (Def.'s Mot. 1.) The government does not address these aspects of Kaganovich's motion.

2

Commission's policy statements — "namely [Guidelines] § 1B1.10." *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' — namely, § 1B1.10.").³ Section 3582(c)(2) thus establishes the following "two-step inquiry": "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*; *see also United States v. Osorio*, No. 13-CR-426, 2024 WL 308274, at *1 (E.D.N.Y. Jan. 26, 2024) (concluding at step one that "[a]ny reduction to [the defendant's] sentence would be inconsistent with § 1B1.10 and, therefore, unauthorized"); *United States v. Ross*, No. 15-CR-95, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (denying appointment of counsel after applying the two-step inquiry and finding the defendant ineligible for a sentence reduction).

Pursuant to section 1B1.10 of the Guidelines, a court "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the

---

³ Although the Supreme Court decided *Dillon* based on versions of section 3582 and the Guidelines that have since been amended, the language that applies to this case has remained the same: Section 3582 has been amended only once since *Dillon*, but subsection (c)(2) was left unchanged. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). Section 1B1.10 of the Guidelines remains the "policy statement governing § 3582(c)(2) proceedings." *See Dillon*, 560 U.S. at 819; United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").

defendant was sentenced."[4]  United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(b)(1).  The Sentencing Commission's policy statements further provide that, with an exception not relevant here,[5] "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."  *Id.* § 1B1.10(b)(2)(A).  Accordingly, where a defendant's original sentence imposed a term of imprisonment below the amended Guidelines range, that defendant is ineligible for a sentence reduction under section 3582(c)(2).  *See United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021) (observing — with respect to the identically worded portion of a prior edition of the Guidelines — that "because the Sentencing Commission's policy statements limit the authorization under § 3582(c)(2), a sentence may not be reduced under this provision to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range" (citing U.S.S.G. § 1B1.10(b)(2)(A)–(B))).

Part B of Amendment 821 added section 4C1.1 to Chapter 4 of the Guidelines.  This section provides for a two-level reduction in offense level for individuals who received no criminal history points at their original sentencing — so-called "zero-point offenders" — and

---

[4]  Amendment 821 is among those listed in subsection (d) to this section.  U.S.S.G. § 1B1.10(d).

[5]  The exception under section 1B1.10(b)(2) allows for a sentence reduction even if the original sentence fell below the amended Guidelines range, but only if "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range . . . pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).  In such cases, the Guidelines allow for "a reduction comparably less than the amended guideline range determined under" Amendment 821.  *Id.*  The government never moved for a sentence reflecting any "substantial assistance" in this case.  Accordingly, the exception does not apply to Kaganovich.

4

whose offense did not meet any of nine exclusionary criteria. U.S.S.G. § 4C1.1(a)(1)–(10); *see also United States v. Ali*, No. 21-CR-613, 2024 WL 515244, at *1–2 (S.D.N.Y. Feb. 9, 2024) (granting resentencing under section 4C1.1 because the defendant "did not receive any criminal history points at the original sentencing and . . . [the] defendant's offense did not include any of the (nine) exclusionary criteria listed in [s]ection 4C1.1(a)"); *United States v. Sardarova*, No. 20-CR-681, 2024 WL 259775, at *1–2 (S.D.N.Y. Jan. 12, 2024) (concluding that the defendant qualified for the two-level base offense level reduction under section 4C1.1, but not for a sentence reduction because the original sentence "fell below the low end of th[e] amended [Guidelines] range").

The Court concludes that although Kaganovich is entitled to a two-level reduction in her base offense level, she is not eligible for a sentence reduction. At Kaganovich's sentencing, the Court found that based on her offense level of twenty-six, criminal history score of zero, and criminal history category of I, the recommended Guidelines range was sixty-three to seventy-eight months of imprisonment. (Tr. of Sent'g Hr. ("Sent'g Tr.") 18:20–19:19, Docket Entry No. 170-1.) Under Part B of Amendment 821, Kaganovich is entitled to a two-level reduction in her offense level, because she received zero criminal history points at her original sentencing. (*See id.*; Presentence Investigation Report ¶ 61–62, Docket Entry No. 90.) Accordingly, Kaganovich's offense level of twenty-four, with a criminal history category of I, yields a Guidelines range of fifty-one to sixty-three months of imprisonment. *See* U.S.S.G. ch. 5, pt. A. Kaganovich's original sentence of thirty-six months of imprisonment was well below the lower end of this amended Guidelines range, and she is therefore ineligible for a sentence reduction under section 3582(c)(2). *See id.* § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a

5

term that is less than the minimum of the amended guideline range . . . ."); *Young*, 998 F.3d at 46 n.1 ("[A] sentence may not be reduced under this provision to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range . . . .").

## II. Conclusion

For the foregoing reasons, the Court denies Kaganovich's motion for reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and denies appointment of counsel. The Court accordingly dismisses as moot Kaganovich's motion to proceed *in forma pauperis*.

Dated: May 17, 2024
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge